United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD GUTIERREZ,            )   No. C 07-4251 MMC (PR)
                             )
    Plaintiff,               )   **ORDER OF DISMISSAL WITH**
                             )   **LEAVE TO AMEND**
  v.                         )
                             )
SANTA CLARA COUNTY           )
DEPARTMENT OF CORRECTIONS    )
MEDICAL DEPARTMENT,          )
                             )
    Defendant.               )
_____)

       On August 20, 2007, plaintiff, an inmate incarcerated at the Santa Clara County Jail ("County Jail") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983; he alleges he is receiving inadequate medical care. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.   Standard of Review

       A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

1  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C.
2  § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the
3  Constitution or laws of the United States was violated, and (2) that the alleged violation was
4  committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42,
5  48 (1988).

6  B.   Claims

7  In his complaint, plaintiff alleges he was first incarcerated at the County Jail on December 13, 2006, and that from that date forward, he has been "continuously" requesting medical attention for liver problems and a pre-cancerous growth on his gall bladder. (Compl. at 3:12-17.) Plaintiff states he was taken to an outside hospital for an ultrasound on July 31, 2007, at which time "more growth" was found in the area of his liver. (Compl. at 3:17-20.) He claims the County Jail's medical department "is extremely below standards of ethics," and that the only way he can receive relief from "this deliberate indifference" is for the Court to order he be provided with outside medical treatment. (Compl. at 3:20-4:3.)

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he knows a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, liberally construed, plaintiff's complaint alleges he is suffering from a serious medical need. Plaintiff does not, however, allege facts that show jail officials have acted

2

with deliberate indifference to his serious medical need.  Specifically, he does not describe the particular medical treatment he is seeking or how jail officials have responded to his requests.  Consequently, the Court cannot discern whether jail officials have acted in a manner that implicates plaintiff's constitutional right to medical care.  Plaintiff will be given leave to amend the complaint to describe the current nature of his medical condition, his requests for medical care, and the jail officials' responses, if any, to such requests.

Moreover, plaintiff has not named any jail official as a defendant, nor has he alleged how any such individual official was involved in responding, or failing to respond, to his requests for medical attention.  To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Here, the only defendant named in the complaint is "Santa Clara County Department of Corrections Medical Department."  Naming any such department as a whole does not suffice to plead a § 1983 claim, however, because only those individual department members who actually engage in unlawful conduct can be held liable.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding personal participation required for finding of supervisorial liability based on alleged constitutional violations); see also Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper).  Plaintiff will be given leave to amend the complaint to identify the jail officials involved in the alleged failure to provide him adequate care, and to set forth specific facts showing how each such defendant's actions have caused him injury or harm.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The complaint is hereby DISMISSED with leave to amend.  Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using**

3

1 **the court's form civil rights complaint**, in order to cure the deficiencies noted above.
Plaintiff shall complete the form, and include in the caption both the case number of this
action, No. C 07-4251 MMC (PR), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, if plaintiff wishes to amend his complaint to include new claims and new defendants, he must file an amended complaint, which amended complaint also must include any claims from the original complaint he wishes to preserve.

**If plaintiff fails to timely file an amended complaint in conformity with this order, the action will be dismissed.**

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: December 12, 2007

_____
MAXINE M. CHESNEY
United States District Judge

4