IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GUTIERREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>SANTA CLARA COUNTY<br>DEPARTMENT OF CORRECTIONS<br>MEDICAL DEPARTMENT,<br><br>  Defendant.<br>_____ | No. C 07-4251 MMC (PR)<br><br>**ORDER OF DISMISSAL WITH<br>LEAVE TO AMEND** |

On August 20, 2007, plaintiff, an inmate incarcerated at the Santa Clara County Jail, a part of the Santa Clara County Department of Corrections ("DOC"), filed the above-titled civil rights action under 42 U.S.C. § 1983. On December 12, 2007, the Court found that plaintiff's allegations that he was receiving inadequate medical care failed to state a cognizable claim for relief because (1) plaintiff had not alleged facts showing jail officials had acted with deliberate indifference to his serious medical needs, and (2) plaintiff had not named any jail official as a defendant or alleged how any such individual official was involved in responding, or failing to respond, to his requests for medical attention. Accordingly, the Court granted plaintiff leave to amend the complaint to cure the above-noted pleading deficiencies.

On March 7, 2008, plaintiff filed an amended complaint ("AC") in which he alleges that after the commencement of his incarceration within the DOC on December 13, 2006, he

submitted several medical request forms and grievances seeking medical attention for a liver illness he has had since 1997, and that all of his attempts to receive such medical attention "have been futile." (AC at 3:17-18.)

Plaintiff names as defendants several jail officials, with respect to whom he makes the following allegations concerning their involvement in the denial of adequate medical care:

Dr. Alexander Chyorny, the Chief Medical Doctor at the DOC, is responsible for the medical department and the others doctors, and does not have procedures in place to ensure that prisoners' medical needs are met, especially when complaints are lodged against "his doctors and medical department." (AC at 3B:3-7.).

Lori Horn, R.N., the Head Nurse at the DOC, is responsible for the nurses who rescheduled plaintiff's appointments thirteen times; plaintiff was seen only four times and nothing was done to treat his illness. (AC at 3B:9-16.)

Dr. John C. Lukrich, Dr. Maria Juarez-Reyes, Dr. Anita Gaddipati, and Dr. G. Versales all are directly responsible for refusing to diagnose and treat plaintiff's chronic liver illness; plaintiff has continuously asked them to provide him with an available treatment for his illness but they have all refused, saying he must wait until his "liver gets bad." (AC at 3B:18-27.)[1]

Correctional Officer Warfield is responsible for getting inmates to a nurse by announcing the nurse's presence to inmates, but does not follow proper procedures and instead requires inmates to stick a medical request form out of their cell doors the night before the nurse arrives. (AC at 3C:10-23.)

Edward C. Flores, Chief of Corrections, and Captain D. Sepulveda, Jail Commander, are responsible for the jail and its staff, and, as a result, are responsible for the health and well-being of the inmates and proper functioning of the grievance process. (AC at 3C:25-3D:7.)

Having reviewed the allegations in the amended complaint, the Court finds plaintiff's

---

[1] Plaintiff asserts that he should not have to wait until that point, as once a person with his illness has a liver that goes "bad," it is too late to help him. (AC at 3C:2-8.)

2

1 claims that defendants Lukrich, Juarez-Reyes, Gaddipati and Versales have acted with
2 deliberate indifference to plaintiff's serious medical needs are, when liberally construed,
3 cognizable.

4 Plaintiff's allegations do not state cognizable claims for relief against defendants
5 Chyorny, Horn, Flores and Sepulveda, as plaintiff has not directly linked any of said
6 defendants to the alleged violation of plaintiff's constitutional rights.  Rather, each such
7 defendant is alleged to be liable solely on the basis of his/her position of authority within the
8 DOC.  A claim under 42 U.S.C. § 1983 may not be based on a theory of respondeat superior
9 liability, however.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Accordingly,
10 plaintiff will be granted leave to amend his complaint to allege, if he can do so, facts linking
11 each of these four defendants directly to the denial of plaintiff's constitutional rights.  If
12 plaintiff does not file a second amended complaint, the claims against said defendants will be
13 dismissed without prejudice and the claims found cognizable herein will be ordered served.

14 Further, plaintiff fails to state a cognizable claim for relief against defendant Warfield.
15 The change in procedures instituted by Warfield does not implicate a constitutionally
16 protected liberty interest, for the reason that such change does not amount to a deprivation of
17 "real substance."  See Sandin v. Conner, 515 U.S. 472, 477-87 (1995) (holding protected
18 liberty interest implicated only where deprivation of real substance imposes atypical and
19 significant hardship on inmate or will inevitably affect duration of inmate's sentence).
20 Consequently, the Court finds amendment of such claim would be futile, and the claim will
21 be dismissed with prejudice and without further leave to amend.  See Janicki Logging Co. v.
22 Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (holding leave to amend need not be granted where
23 amendment constitutes exercise in futility).

## CONCLUSION

25 For the reasons stated above, the Court orders as follows:

26 1. Plaintiff's claim against Correctional Officer Warfield is hereby DISMISSED with
27 prejudice.

28 2. Plaintiff states cognizable claims for relief against Dr. John C. Lukrich, Dr. Maria

3

Juarez-Reyes, Dr. Anita Gaddipati and Dr. G. Versales. Those claims will not be ordered served, however, until the deadline for plaintiff to file a second amended complaint has passed or plaintiff has informed the Court that he does not intend to file a second amended complaint.

3. Plaintiff's claims against Dr. Chyorny, Lori Horn, Edward C. Flores and Captain D. Sepulveda are hereby DISMISSED with leave to amend. Within **thirty (30)** days of the date this Order is filed, plaintiff may file a SECOND AMENDED COMPLAINT, **using the court's form civil rights complaint**, a copy of which is provided herewith, in order to cure the deficiencies noted above. Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 07-4251 MMC (PR), and the phrase "SECOND AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Accordingly, if plaintiff wishes to amend his first amended complaint to cure the pleading deficiencies noted above, he must file a second amended complaint which includes any claims from the first amended complaint he wishes to preserve.

**If plaintiff fails to timely file a second amended complaint in conformity with this Order, the claims that have been dismissed with leave to amend will be dismissed without prejudice, and the claims found cognizable herein will be ordered served.[2]**

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely

---

[2] To assist in expediting this matter, plaintiff, prior to the date on which the second amended complaint is due, should notify the Court if he does not intend to file a second amended complaint and wishes to proceed only with the claims found cognizable herein.

4

1  fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule
2  of Civil Procedure 41(b), for failure to prosecute.
3      IT IS SO ORDERED.
4  DATED: May 15, 2008

_____
MAXINE M. CHESNEY
United States District Judge